UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STEVE A. MEACHAM,                    )
                                     ) No. CV-04-353-CI
            Plaintiff,               )
                                     ) ORDER GRANTING IN PART
v.                                   ) PLAINTIFF'S MOTION FOR SUMMARY
                                     ) JUDGMENT AND REMANDING FOR
JO ANNE B. BARNHART,                 ) ADDITIONAL PROCEEDINGS
Commissioner of Social               ) PURSUANT TO SENTENCE FOUR OF
Security,                            ) 42 U.S.C. § 405(g)
                                     )
            Defendant.               )
                                     )

    BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 8, 10), submitted for disposition without oral argument on April 18, 2005.   Attorney Norman R. McNulty, Jr. represents Plaintiff; Special Assistant United States Attorney Joanne E. Dantonio represents Defendant.   The parties have consented to proceed before a magistrate judge.   (Ct. Rec. 3.)   After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment and **REMANDS** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

    Plaintiff, who was 46-years-old at the time of the

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 1

administrative decision, filed an application for Social Security disability benefits on July 31, 2001, alleging onset as of May 11, 2001, due to physical and mental impairments. (Tr. at 17.) Plaintiff earned a GED and had relevant past work as an athletic director and recreation specialist for the military. (Tr. at 17.) Following a denial of benefits and reconsideration, a hearing was held before Administrative Law Judge Robert K. Rogers (ALJ) of Reno, Nevada. The ALJ denied benefits after concluding Plaintiff was able to perform his past relevant work. Review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff met the non-disability requirements for a period of disability through the date of the decision. Plaintiff had not engaged in substantial gainful activity due to severe impairments including gastro-esophageal reflux disease (GERD), cluster headaches, vertigo, and a rotator cuff condition, but those impairments were not found to meet the Listings. The ALJ concluded Plaintiff's testimony was not fully credible and that he retained the residual capacity to perform medium work, except for work involving unprotected heights or dangerous machinery. (Tr. at 22.) The ALJ found Plaintiff was able to perform his past relevant work. Thus, there was no finding of disability.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 2

1   asserts the ALJ erred when he (1) rejected as non-severe Plaintiff's

2   mental impairments, (2) failed to find Plaintiff's testimony

3   credible, (3) improperly concluded Plaintiff could perform his past

4   relevant work, (4) failed to consider Plaintiff's VA disability

5   rating, and (5) failed to consider Plaintiff's mental and physical

6   limitations in combination.

7                          **STANDARD OF REVIEW**

8        In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

9   court set out the standard of review:

10       The decision of the Commissioner may be reversed only if
         it is not supported by substantial evidence or if it is
11       based on legal error. *Tackett v. Apfel*, 180 F.3d 1094,
         1097 (9th Cir. 1999). Substantial evidence is defined as
12       being more than a mere scintilla, but less than a
         preponderance. *Id.* at 1098. Put another way, substantial
13       evidence is such relevant evidence as a reasonable mind
         might accept as adequate to support a conclusion.
14       *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the
         evidence is susceptible to more than one rational
15       interpretation, the court may not substitute its judgment
         for that of the Commissioner. *Tackett*, 180 F.3d at 1097;
16       *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599
         (9th Cir. 1999).

17
18       The ALJ is responsible for determining credibility,
         resolving conflicts in medical testimony, and resolving
19       ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
         Cir. 1995). The ALJ's determinations of law are reviewed
20       *de novo*, although deference is owed to a reasonable
         construction of the applicable statutes. *McNatt v. Apfel*,
21       201 F.3d 1084, 1087 (9th Cir. 2000).

22                          **SEQUENTIAL PROCESS**

23       Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

24   requirements necessary to establish disability:

25       Under the Social Security Act, individuals who are
         "under a disability" are eligible to receive benefits. 42
26       U.S.C. § 423(a)(1)(D). A "disability" is defined as "any
         medically determinable physical or mental impairment"
27       which prevents one from engaging "in any substantial
         gainful activity" and is expected to result in death or

28
     ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
     REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
     U.S.C. § 405(g) - 3

last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

1. <u>Mental Impairment</u>

Plaintiff asserts the ALJ failed to find his mental impairment, an anxiety disorder with panic attacks, as diagnosed by treating physician Dr. Eric Math, to be severe. (Tr. at 198, 208.)

At step two of the sequential process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment, one which has more than a slight effect on the claimant's ability to work. To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 4

must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.

Plaintiff testified his panic attacks were triggered by public contact or a feeling of claustrophobia when he cannot see an exit in a building. (Tr. at 350.) In July 2000 and again in April 2001, Dr. Math concluded Plaintiff was unemployable due to panic attacks that were interrelated with the GERD condition. (Tr. at 198, 208.) However, those conclusions are not supported by any objective medical findings such as a psychiatric evaluation or tests. It

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 5

appears the initial diagnosis was made by military doctors in 1995
while Plaintiff was stationed at Travis Air Force Base, but there
are no supporting medical records for that time; thus, it is not
clear what objective medical findings supported the diagnosis. (Tr.
at 180, 181.) In May 2001, the 1995 30% VA disability rating was
increased to 50% based on Dr. Math's conclusory assessment; that
increase was retroactively effective as of September 30, 1995. (Tr.
at 165.)

On April 24, 2001, prior to his date of alleged onset,
Plaintiff was evaluated for mental health purposes by Cara Kozak,
LCSW. Plaintiff reported he had panic attacks and was unable to
sleep due to stress on the job. (Tr. at 180.) Plaintiff reported
he was not receiving psychiatric treatment or medication.
Additionally, Plaintiff reported he gambled three to four times a
week for recreation and that when he was concentrating on the game,
his stress level was reduced. (Tr. at 181.) Plaintiff's evaluation
was within the normal range. Plaintiff reported he was not
interested in treatment because of the distance between the
treatment center and his home, but would rather have assistance with
increasing his VA disability rating. (Tr. at 182.) Plaintiff
declined an evaluation by a psychiatrist. Ms. Kozak assessed
Plaintiff's GAF at 54, indicative of moderate impairment. (Tr. at
181.) DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-
IV), at 32 (1995).

On October 29, 2001, Joseph E. McEllistrem, Ph.D., evaluated
Plaintiff. (Tr. at 137.) Dr. McEllistrem noted the VA had awarded
Plaintiff a disability due in part to panic attacks and that

Plaintiff had reported a history of unsuccessful treatment for those attacks.    Plaintiff indicated he was not interested in further medication or treatment.    Plaintiff had stable affect, good eye contact, his speech was normal, his thought patterns were normal, he had adequate recall and intermediate memory, his judgment was comprehensive and fair.    Plaintiff reported he lives with his girlfriend, gets up regularly at 8:00 a.m., watches television, gardens, does household chores, interacts with other tenant friends, cares for a bird, and puts together model planes. Dr. McEllistrem noted Plaintiff would be able to understand, remember, and carry out complex instructions and that his global assessment of functioning (GAF) was 60, indicative of mild limitations. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995). (TR. at 139-142.)

In November 2001, consultant James Doornick, Ph.D., noted an RFC was necessary due to diagnoses of an anxiety related disorder that resulted in mild limitations as to activities of daily living, mild limitations with respect to social interaction, mild limitations as to concentration, persistence and pace, and one or two episodes of deterioration. (Tr. at 227-237.) Dr. Doornick found Plaintiff would have minimal work skill limitations, noting Plaintiff had driven 60 miles to his appointment with Dr. McEllistrem, had traveled to Oklahoma for an extended time to take care of family business, was physically active, and had been tested to have normal memory functioning. (Tr. at 227-239.)

The ALJ relied on Dr. Doornick's RFC assessment. (Tr. at 19, 237.) He also discredited Plaintiff's testimony that he was totally

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 7

disabled due to panic attacks, noting Plaintiff stated they were triggered by public contact and that he was unable to leave his hometown. (Tr. at 20.) However, the ALJ noted Plaintiff had driven 60 miles to his assessment, gambled several times a week, attended church, went shopping, attended to family business in Oklahoma, exercised regularly, visited with family, and went fishing once a month. These reasons are supported by the record. Thus, based on the record before this court, there is sufficient evidence to support the ALJ's conclusion Plaintiff's mental limitations were non-severe.

Finally, the ALJ noted Plaintiff consistently refused treatment for the mental impairment. (Tr. at 21.) A claimant will not be found disabled if he refuses to follow prescribed medical treatment without good reason. *Dodrill v. Shalala*, 12 F.3d 915, 919, citing 20 C.F.R. § 404.1530(a), (b). Upon remand (see below), the ALJ shall address Dr. Math's findings and conclusions in light of any VA records recording treatment and testing prior to Dr. Math's involvement.

2. <u>Credibility</u>

Plaintiff contends the ALJ did not complete an adequate credibility assessment under the "clear and convincing" standard. He contends the findings the ALJ made were not supported by the record; specifically, he notes Plaintiff was required to drive 60 miles for the examination, that his girlfriend did the driving, and that he was not suffering from panic attacks during the examination because his GERD was not symptomatic.

In his opinion, the ALJ made the following findings:

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 8

At the hearing, the claimant testified that his panic is induced by dealing with several people at a time, mostly happen[s] out in public. However, the claimant stated that he gambles for recreation 3-4 times a week, he stated that this decreased his stress when concentrating on the game. The claimant stated that he goes swimming, exercises for 30 minutes three times a week.

The claimant alleges a panic disorder that will prevent him from leaving his hometown. In contrast he drove from a rural Nevada town to Carson City. During the interview, the claimant stated that his anxiety disorder prevents him from driving outside his community, but he did not express any difficulty making this lengthy drive of 60 miles. In addition he called the adjudicator and indicated that he was going to Oklahoma on family business.

. . .

The evidence consistently shows that the claimant's subjective complaints are much worse than the objective findings as evidence [sic] by the record. The claimant's credibility is poor, despite the limits he alleges he has consistently refused mental health treatment and his lifestyle, as described suprs [sic], is quite inconsistent with the alleged disabilities.

Although the claimant had some medical abnormalities, primarily associated with his GERD, the medical evidence revealed that this is controlled with medication. Nonetheless, the claimant was seen by a new physician and he declined counseling and medications. The claimant stated that his condition was debilitating but he was not interested in therapy or medication. The psychologist opined that if the claimant chooses to seek treatment for his GERD and his anxiety attacks, good improvement can be expected. Furthermore, the claimant declined to be seen by MHC psychiatrist for medication and evaluation. Thus, his allegations that he has to lie down every day and sometimes he won't get out of bed at all cannot be credited. The medical record revealed that the claimant was non-compliant with his medication and treatment. Moreover, the claimant was independent in his activities of daily living, he was able to do household chores, cook, and clean for himself, take care of a bird, and take care of his garden. In addition, he gambles for recreation 3-4 times a week.

(Tr. at 20-21, references to exhibits omitted.)

In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Smolen v.*

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 9

*Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step,
see *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986), the
claimant must produce objective medical evidence of underlying
"impairment," and must show that the impairment, or a combination of
impairments, "could reasonably be expected to produce pain or other
symptoms." *Id.* at 1281-82.  If this test is satisfied, and if there
is no evidence of malingering, then the ALJ, under the second step,
may reject the claimant's testimony about severity of symptoms with
"specific findings stating clear and convincing reasons for doing
so." *Id.* at 1284.  The ALJ may consider the following factors when
weighing the claimant's credibility: "[claimant's] reputation for
truthfulness, inconsistencies either in [claimant's] testimony or
between [his/her] testimony and [his/her] conduct, [claimant's]
daily activities, [his/her] work record, and testimony from
physicians and third parties concerning the nature, severity, and
effect of the symptoms of which [claimant] complains." *Light v.
Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  If the ALJ's
credibility finding is supported by substantial evidence in the
record, the court may not engage in second-guessing. *See Morgan v.
Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  If
a reason given by the ALJ is not supported by the evidence, the
ALJ's decision may be supported under a harmless error standard.
*Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (applying the
harmless error standard); *Booz v. Sec'y of Health and Human Serv.*,
734 F.2d 1378, 1380 (9th Cir. 1984) (same).  Here, there is no
evidence of malingering; thus, the evidentiary standard is clear and
convincing.

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(g) - 10

The court has reviewed the record before it, notes there is very little objective evidence to support the diagnosis of panic disorder, and that Plaintiff's activities and social relationships reflect a lifestyle which is inconsistent with disability. Moreover, it is undisputed Plaintiff has refused treatment without good reason and that he achieved some relief of his GERD with medication. (Tr. at 188.) The psychiatric examination supports minimal limitations attributable to panic disorder. The ALJ's reasons for rejecting Plaintiff's testimony were clear and convincing and supported by the record.

3. <u>VA Disability Rating</u>

Plaintiff contends the ALJ failed to consider the unemployability rating issued by the Veteran's Administration. (Tr. at 164-167.) Plaintiff relies on *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), which held that the ALJ must give consideration to VA findings.

Here, Plaintiff's alleged onset date was May 11, 2001, the effective date of Plaintiff's resignation from his employment as recreation director for the military. (Tr. at 165.) On May 26, 2001, based on Dr. Math's report that Plaintiff suffers from disabling service connected panic attacks and GERD, the VA increased his disability due to the panic disorder to 50%, effective September 30, 1995. The disability attributable to GERD was noted to be effective February 19, 1998. Thus, by VA findings and contrary to Dr. Math's conclusion, it appears the panic disorder pre-dated the GERD condition by three years.

Under *McCartey*, a VA rating of disability will not necessarily

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 11

compel a finding of disability as to a Social Security application, 20 C.F.R. § 404.1504, but the ALJ must consider the VA's finding in reaching his decision. *Id*. at 1076. Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record. *McCartey,* at 1075, citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (ALJ need not give great weight to a VA rating if he "adequately explain[s] the valid reasons for not doing so"). Here, the ALJ did not address the VA findings or disability rating in his decision. An implicit rejection is not sufficient as it does not provide this court with a basis for review. *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998). Moreover, to the extent records from the VA were not available for review by the ALJ with respect to the earlier VA diagnoses, those records shall be obtained as they may provide some objective insight into the basis for the panic disorder diagnosis. Accordingly,

   **IT IS ORDERED:**

   1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 8)** is **GRANTED IN PART;** the matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

   2.   Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 10) is DENIED.**

   3.   Any application for attorney fees shall be filed by separate motion.

   4.   The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

1    The file shall be **CLOSED** and judgment entered for Plaintiff.

2        DATED May 4, 2005.

3

4                    S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42
U.S.C. § 405(g) - 13